**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NOs.   <u>07-CR-80128-MARRA</u>
<u>05-CR-80089-COHN</u>**

**UNITED STATES OF AMERICA,**

v.

**RANDY CRAIG LEVINE,**

    **Defendant.**

_____

**<u>NOTICE OF PENDING RELATED OR SIMILAR ACTIONS and</u>
<u>UNOPPOSED MOTION TO CONSOLIDATE FOR TRIAL</u>**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby gives notice of pending related and similar actions and moves to consolidate these actions for trial. The United States submits the following in support thereof:

1. The defendant is charged in *United States v. Randy Craig Levine*, Case No. 05-80089-Cohn, with two counts relating to the defendant's fraudulent procurement of a replacement passport.

2. The defendant is also charged in *United States v. Randy Craig Levine*, Case No. 07-80128-Marra, with 30 counts relating to the defendant's scheme to defraud wherein the defendant promised victims that their funds would be used to open online gambling accounts but, in truth and fact, the defendant used the victims' funds for his own personal gain.

3. These indictments are related in at least two ways. First, they involve the same defendant. Second, the actions charged in these indictments are part of the same scheme and plan. The Defendant obtained the passport charged in the 2005 indictment as part of his plan to evade

arrest for the conduct charged in the 2007 indictment. The defendant's passport was seized by the Federal Bureau of Investigation during a search of his residence in furtherance of the gambling fraud investigation. Thereafter, the defendant applied for a replacement passport by falsely stating the he lost his passport. The defendant and his then-lawyer met with the prosecutor and agents then assigned to the fraud investigation and was asked to surrender the ill-gotten passport at the continuation of the meeting. Instead of continuing his defrief, the defendant used his fraudulently obtained passport to flee the country. The fraudulent procurement of the passport is the action charged in the 2005 indictment. The defendant remained at large for over 15 years, until he was arrested in Austria in the summer of 2020 and extradited to the United States.

4.  It is the position of the United States that the conduct charged in these two indictments are inextricably intertwined with one another. The pending investigation which gave rise to the 2007 indictment provided the motive as well as the basis for the false statement charged in the 2005 indictment. Likewise, the evidence related to the 2005 indictment--that the defendant's passport was seized by the FBI and the defendant subsequently obtained a replacement passport through fraud and subsequently fled the country--is evidence of consciousness of guilt with regard to the 2007 indictment.

5.  Local Rule 3.8 of the United States District Court of the Southern District of Florida requires counsel to promptly notify the Court whenever there are similar cases pending in the district. The United States hereby provides such notice.

6.  Pursuant to Federal Rule of Criminal Procedure 13, the trial court may order two indictments tried together if the two offenses could have been joined in a single indictment. Offenses may be joined in a single trial if they are based on "two or more acts or transactions

connected together or constituting part of a common scheme or plan." Fed.R.Crim.P. 8(a)). "Rule 13 is permissive rather than mandatory," and in deciding whether to consolidate cases for trial, "the court should weigh the efficiency and convenience of a single trial against the risks of prejudice to the defendant from a single proceeding." 1A Charles Alan Wright et al., Federal Practice and Procedure § 216, at 558–59 (4th ed.2008); see Fed.R.Crim.P. 14.

7.     There can be no doubt that the charges in these two indictments could have been brought in a single indictment under Fed.R.Crim.P. 8(a) as they are based on "two or more acts or transactions connected together or constituting part of a common scheme or plan", to wit, the Defendant's plan to flee the country to avoid arrest on the fraud case.

8.     Furthermore, having one trial will provide a more efficient use of the Court and the Government's resources, not to mention fewer jurors. The Government plans to use evidence of all of the fraud and the false application for the passport in either trial under either the inextricably intertwined doctrine to provide context for the defendant's actions, or under Fed. R. Evid. 404(b), to show motive, opportunity, lack of mistake, intent, preparation, plan, knowledge, identity, absence of mistake, and lack of accident. If the evidence relating to the other indictment would be admissible in either trial, the risk of prejudice to the defendant in having the indictments tried together would not be any different than if they were tried separately.     Having two trials will result in substantial overlap of evidence, a waste of resources and a significant waste of time.

9.     For all the foregoing reasons, the Government respectfully requests that the Court order that Case No. 07-CR-80128-MARRA and Case No. 05-CR-80089-COHN be consolidated for trial. Ordinarily, the more recent indictment would be transferred to the judge assigned to the older indictment. However, there is a substantial difference in the complexity of these cases. As

the more complex indictment is currently pending before Judge Marra, the Government requests that the 2005 indictment be transferred to Judge Marra so that the two indictments may be tried before Judge Marra as though brought in a single indictment.

10.     The undersigned has conferred with the defendant's counsel, who communicated that the defendant does not oppose the motion to transfer and consolidate the aforementioned cases to Judge Marra for trial.

Respectfully submitted,
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:  /S/ Stephanie D. Evans
Stephanie D. Evans
Assistant United States Attorney
Fla Bar No. 255180
500 S. Australian Blvd. Suite 400
West Palm Beach, Florida 33401- 6235
Tel. No. (561) 820-8711
Fax No. (561) 659-4526
Stephanie.d.evans@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 19, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which automatically forwards a copy to defense counsel of record.

                                                              */s/ Stephanie Evans*
                                                              Assistant United States Attorney